UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| Thomas Ganci, on behalf of himself and other similarly situated individuals nationwide and the Rule 23 Class,<br><br>Plaintiff,<br><br>v.<br><br>MBF Inspection Services, Inc.<br><br>Defendant. | Court File No.: 2:15-cv-2959<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT** |

Plaintiff brings this action as an opt-in collective action on behalf of himself and all similarly situated individuals for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and as an opt-out Rule 23 class action on behalf of all similarly situated individuals in the State of Ohio for violations of the Ohio Minimum Fair Wage Standards Act.

**PRELIMINARY STATEMENT**

1.      This case is about MBF Inspection Services, Inc.'s ("MBF" or "Defendant") disregard of state and federal laws governing overtime compensation. Specifically, Defendant failed to pay proper overtime wages to Plaintiff and its other day rate-paid inspection personnel.

2.      Plaintiff Thomas Ganci ("Plaintiff") and other similarly situated workers are or were employed by Defendant as inspection personnel to provide certain inspection services such as welding, coding, utility, pipeline, and other types of inspection services to Defendant's clients within the oil and gas industry.  During the applicable statutory period, Plaintiff and those similarly situated were classified as exempt and ineligible for overtime pay, worked more than

forty (40) hours per workweek, but were not paid the proper overtime premiums for their overtime hours.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state law claims brought under the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.01 et seq., as Plaintiff's state and federal claims derive from a common nucleus of operative fact.

4. Venue in this district is proper under 28 U.S.C. § 1391 because Plaintiff lived during his time of employment with Defendant in Powhatan Point, Ohio, worked at jobsites around the Ohio cities of Blaine and Neffs and around other areas within Ohio, and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

**Plaintiff**

5. Plaintiff is currently an adult resident of New Braunfels, Texas. Plaintiff worked for Defendant as a welding inspector from approximately June 2015 to October 2015 at work sites in and around Blaine and Neffs, Ohio. During the span of his employment with Defendant, he lived in Powhatan Point, Ohio.

6. Plaintiff brings this action on behalf of himself and all other similarly situated individuals nationwide (the "FLSA Collective") pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the FLSA Collective are current and former employees of Defendant within the

meaning of the FLSA, similarly situated employees paid on a day rate basis, across the country within three years of the date this Complaint was filed.  See 29 U.S.C. § 255(a).

7.      Plaintiff also brings this action individually and as a representative class of all similarly situated individuals paid on a day rate basis who worked in the State of Ohio (the "Ohio Rule 23 Class"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.01 et seq.

8.      Plaintiff, the FLSA Collective, and the Ohio Rule 23 Class are current or former employees of Defendant, within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and Ohio Rev. Code Ann. § 4111.03(D)(3).

9.      Plaintiff, the FLSA Collective, and the Ohio Rule 23 Class are or were employed by Defendant and paid on a day rate basis within three years prior to the filing of this lawsuit. See 29 U.S.C. § 255(a) and Ohio Rev. Code Ann. 2305.11(A).

**Defendant**

10.     Defendant MBF Inspection Services, Inc. is a foreign corporation and maintains its headquarters in Roswell, New Mexico.

11.     Defendant provides inspection services to its clients. It has additional field offices in Colorado Springs, Colorado, Houston, Texas, and Amarillo, Texas.  Defendant provides inspection personnel to oil and gas companies working on projects across the United States.

12.     Defendant operates in interstate commerce by, among other things, offering its services in multiple states across the country, including Ohio.

13. Defendant is engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA and has a gross volume of sales in excess of $500,000.

14. Defendant is Plaintiff's and the Ohio Rule 23 Class's "employer," within the meaning of the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.03 (D)(2).

## FACTUAL AND COLLECTIVE ACTION ALLEGATIONS

15. Plaintiff, the FLSA Collective, and the Ohio Rule 23 Class are individuals who work or worked for Defendant as inspection personnel similarly situated and were paid a day rate with no overtime pay for hours worked over forty (40) in a workweek.

16. Plaintiff files this action on behalf of himself and all similarly situated individuals. The proposed FLSA Collective class is defined as follows:

> All inspection personnel and those similarly situated who were paid a day rate and who worked for Defendant at any time since three years prior to the filing of this Complaint.

17. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit A.

18. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

19. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours a workweek without receiving overtime compensation for their overtime hours worked.

20. Additionally, Defendant directed and expected Plaintiff and the FLSA Collective to typically work at least twelve (10) hour days and six (6) days per week, for a total of at least

4

sixty (60) hours worked per week.  Defendant also instructed them to be on the job site whenever contractors were on the job sites.

21.     Plaintiff and FLSA Collective routinely worked more than sixty (60) hours per week, and the time records of contractors who worked the same hours alongside Plaintiff and the FLSA Collective, and the Ohio Rule 23 Class, will substantiate their good faith estimate of hours worked.

22.     During the three year statutory period, Defendant routinely required Plaintiff and the FLSA Collective to be at the job site each day usually no later than 6:15a.m. to start working and routinely required them to work until at least 5:30p.m. but sometimes as late as 10:00p.m. Plaintiff and the FLSA Collective routinely worked these hours.  Defendant also routinely expected them to work at least six days per week, and Plaintiff and the FLSA Collective worked those days. Plaintiff submitted daily reports to Defendant's client about inspections done that also list the specific number of hours worked in that particular day.

23.     Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, requiring its inspection personnel and other similarly situated day rate-paid employees to work excessive hours and failing to pay them overtime compensation.  The law is clear that day rate workers must be paid overtime compensation, and there are no exemptions that apply.  Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

24.     Notice should be sent to the FLSA Collective.  There are numerous similarly-situated individuals who worked for Defendant who suffered from Defendant's practice of denying overtime pay and who would benefit from the issuance of court-supervised notice of this

5

lawsuit and the opportunity to join. Those similarly-situated positions are known to Defendant and are readily identifiable through Defendant's records.

## OHIO CLASS ACTION ALLEGATIONS

25. Plaintiff incorporates by reference the facts and allegations in the preceding paragraphs.

26. Pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure, Plaintiff files this action individually and as a class action on behalf of all similarly situated individuals within the State of Ohio, the "Ohio Rule 23 Class." Plaintiff seeks to represent the Ohio Rule 23 Class, which is defined as follows:

> All inspection personnel and those similarly situated who were paid a day rate and who worked for Defendant at any time since three years prior to the filing of this Complaint.

27. The members of the proposed Ohio Rule 23 Class are so numerous that joinder of all members is impractical and inefficient such that the requirements of Rule 23(a)(1) are met. Plaintiff estimates that at least sixty (60) Ohio class members exist. The identities of the Ohio Rule 23 Class members may be ascertained from Defendant's files and records.

28. There are common questions of law and fact affecting the class members, including but not limited to, whether Defendant's uniformly applied compensation practice of failing to pay day rate workers proper overtime compensation was unlawful, and the proper measure of damages sustained by the class members. The requirements of Rule 23(a)(2) are met.

29. Plaintiff's claims are typical of the claims of the Ohio Rule 23 Class as a whole. Plaintiff and the Ohio Rule 23 Class have suffered harm due to Defendant's failure to pay them proper overtime compensation for the hours they worked in excess of forty (40) hours per workweek. The requirements of Rule 23(a)(3) are met.

6

30. Plaintiff will fairly and adequately protect the interests of the Ohio Rule 23 Class, pursuant to Rule 23(a)(4). Plaintiff's interests are consistent with and not antagonistic to the interests of the class. Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

31. This class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants. The members of the proposed Ohio Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common practices and uniform policies. The damages suffered by the Ohio Rule 23 Class members are small compared to the expense and burden of individually prosecuting this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices. Certification under Rule 23(b)(3) is appropriate.

32. Plaintiff intends to send notice to all members of the proposed Ohio Rule 23 Class to the extent required by Rule 23.

## CAUSES OF ACTION

### COUNT I – OVERTIME VIOLATIONS UNDER FEDERAL LAW
**The Fair Labor Standards Act, 29 U.S.C. § 201 et seq.**
*On Behalf of Plaintiff and the FLSA Collective*

33. Plaintiff and the FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

34. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees additional compensation for hours worked that exceed forty (40) in a workweek.

35. Employees paid on a day rate basis are specifically entitled to overtime pay pursuant to the FLSA.  29 C.F.R. § 778.112.

36. Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours a workweek without overtime compensation.

37. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective overtime pay.

38. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages.  Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

39. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Defendant knew or showed reckless disregard for the fact that their compensation practices were in violation of these laws.

**COUNT II – OVERTIME VIOLATIONS UNDER STATE LAW**
**The Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.01 et seq.**
*On Behalf of Plaintiff and the Ohio Rule 23 Class*

40. Plaintiff incorporates by reference the facts and allegations in the preceding paragraphs.

41. The Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. § 4111.03, requires employers to pay overtime compensation to all non-exempt employees, at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours per workweek.

8

42. Defendant routinely suffered and permitted Plaintiff and the Ohio Rule 23 Class to work more than forty (40) hours per week without overtime compensation.

43. Defendant's actions, policies, and practices as described above violate the Ohio Minimum Fair Wage Standards Act by failing to properly compensate Plaintiff and the Ohio Rule 23 Class for their overtime hours worked.

44. As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Ohio Rule 23 Class have suffered and will continue to suffer a loss of income and other damages.

45. Plaintiff and the Ohio Rule 23 Class seek to recover attorneys' fees, costs, liquidated damages, and expenses of this action, to be paid by Defendant, as provided by Ohio Rev. Code Ann. § 4111.10, § 2305.11, and other applicable state laws.

46. Plaintiff and the Ohio Rule 23 Class seek damages in the amount of their underpayments based on Defendant's failure to pay lawful wages due, as provided by Ohio Rev. Code Ann. § 4111.03, and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the FLSA Collective, pray for judgment against Defendant as follows:

  A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

  B. A finding that Plaintiff and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

  C. A finding that Defendant violated the overtime provisions of the FLSA;

  D. A finding that Defendant's violations of the FLSA were willful;

  E. Judgment against Defendant in the amount of Plaintiff's and the FLSA Collective's unpaid back wages at the applicable rates;

  F. An award of all damages, liquidated damages, pre-judgment interest and/or post-judgment interest;

  G. An award of attorneys' fees and costs incurred in prosecuting this action;

  H. Leave to amend to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

  I. Leave to amend to add additional state law claims; and

  J. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**WHEREFORE**, Plaintiff, on behalf of himself and as a representative of the Ohio Rule 23 Class, prays for relief as follows:

  A. Certify this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the Ohio Rule 23 Class;

  B. Appoint Plaintiff as Class Representative and appoint his counsel as Class Counsel;

  C. Judgment that Defendant's practices violate the Ohio Minimum Fair Wage Standards Act;

  D. Award Plaintiff and the Ohio Rule 23 Class all damages, liquidated damages, civil penalties, and prejudgment interest available;

  E. Award Plaintiff and the Ohio Rule 23 Class all costs and attorneys' fees incurred prosecuting this claim; and,

  F. Such further relief as the Court deems just and equitable.

Dated: October 30, 2015 /s/Robert E. DeRose
BARKAN MEIZLISH
Robert E. DeRose (0055214)
250 E. Broad Street, 10th Floor
Columbus, OH 43215
Telephone: (614) 221-4221
bderose@barkanmeizlish.com

/s/Paul J. Lukas
NICHOLS KASTER, PLLP
Paul J. Lukas, MN Bar No. 22084X*
4600 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
lukas@nka.com
*Motion for Admission *Pro Hac Vice* forthcoming

Attorneys For Plaintiff, the Putative
FLSA Collective, and the Putative Rule 23 Class