UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS GANCI,

  Plaintiff,

 v.            Case No.: 2:15-cv-2959
                JUDGE SMITH
                Magistrate Judge Kemp

MBF INSPECTION SERVICES, INC.,

  Defendant.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Conditional Certification and Court-Authorized Notice Under 29 U.S.C. § 216(b) (the "Motion for Conditional Certification") (Doc. 16).[1] Defendant MBF Inspection Services, Inc. ("MBF" or "Defendant") responded (Doc. 19), and Plaintiff replied in support (Doc. 20). The motion is fully briefed and is ripe for disposition. For the following reasons, Plaintiff's Motion for Conditional Certification is **GRANTED**.

### I. BACKGROUND

Plaintiff has brought the present collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Chapter 4111, *et seq.* ("Fair Wage Act"). Plaintiff seeks to recover unpaid overtime wages from MBF for hours worked in excess of 40 hours per week for the three-year period preceding the Court's determination on Plaintiff's Motion for Conditional Certification.

---

[1] The Court notes that the Motion for Conditional Certification is not in conformity with S.D. Ohio Civ. R. 83.4(a) and 83.5(a). Future filings that are not signed by a permanent member of the bar of this Court will not be considered.

MBF is a New Mexico corporation that provides inspection services to its customers in the oil and gas industries in various states across the country. (Doc. 2, Ans. at ¶¶ 10–12).

Plaintiff worked for MBF as a Welding Inspector from approximately June 2015 to October 2015. (Doc. 16-4, Ganci Decl. at ¶ 3). He is a Texas resident but lived and worked in Ohio while under the employment of MBF. (*Id*. at ¶ 2). During his time of employment, he provided inspection services for MBF's customers and routinely worked in excess of forty hours per week. (*Id*. at ¶¶ 3, 5). Plaintiff was paid on a day-rate basis and did not receive overtime compensation for time worked in excess of forty hours per week. (*Id*. at ¶ 6). At the current time, Plaintiff has been joined by five other opt-in plaintiffs who worked for MBF under similar job titles as Plaintiff in various locations. Four of those five have submitted declarations detailing their work experiences and compensation arrangements. (*See* Doc. 16-4, Decls.[2]). Plaintiff seeks to have certified:

> All inspection personnel and those similarly situated who were paid a day rate and who worked for Defendant at any time since three years prior to this Court's order granting conditional certification.

(Doc. 16, Mot. at 1). In addition, Plaintiff requests that the Court (1) order Defendant to provide Plaintiff with "identification and contact information for the putative plaintiffs, (2) permit Plaintiff to send Notice to the putative plaintiffs, and (3) allow a sixty-day notice period." (*Id*.).

Both parties set forth the applicable standard of review for conditional certification motions brought pursuant to the FLSA. In its response, MBF opted not to contest conditional certification of Plaintiff's class, but did take issue with several aspects of Plaintiff's proposed notice. In doing so, MBF has made clear that it does not waive its right to seek decertification of the class at a later date, nor does it concede the merits of Plaintiff's claims. (Doc. 19, Resp. at 2).

---

[2] William Sperber is the lone putative plaintiff who has filed a consent form but did not attach a declaration to Plaintiff's Motion for Conditional Certification.

The Court recognizes MBF's reservation of rights, which is in accord with normal procedure in cases such as this. *See Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011) ("*Swigart I*") (Dlott, J.) ("At the second stage of the proceedings, the defendant may file a motion to decertify the class if appropriate to do so based on the individualized nature of the plaintiff's claims."). Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Conditional Certification and now turns to the disputed portions of the proposed Notice.

## II. DISCUSSION

"The FLSA 'grant[s] the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure.'" *Heaps v. Safelite Sols., LLC*, No. 2:10-CV-729, 2011 WL 1325207, at *7 (S.D. Ohio Apr. 5, 2011) (Frost, J.) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). Courts may facilitate notice to putative collective class members "so long as the court avoids communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits." *Sperling*, 493 U.S. at 168–69. "Accurate and timely notice concerning the pendency of the collective action promotes judicial economy because it . . . allows them to pursue their claims in one case where the same issues of law and fact are already being addressed." *Swigart I*, 276 F.R.D. at 214 (citing *Sperling*, 493 U.S. at 170).

Plaintiff attached a proposed notice (Doc. 16-5) as an exhibit to its Motion for Conditional Certification; MBF attached its own proposed notice as an exhibit to its response (Doc. 19-1); and Plaintiff attached a revised notice to its reply (Doc. 20-2). The parties disagree on a number of the notice's express terms, as well as the procedures for distributing the notice to potential opt-in plaintiffs. The Court will summarize the parties' positions and the concessions

that Plaintiff has made to date. Plaintiff originally made the following requests: (1) a sixty-day notice period; (2) mailing the notice at the beginning of the period; (3) emailing a hyperlink to all putative plaintiffs at the beginning of the period; (4) mailing a reminder after forty-five days; (5) a fourteen-day deadline for MBF to submit contact information for all putative plaintiffs. MBF opposed all of these requests to some extent. Plaintiff's revised notice made certain concessions in an effort to address MBF's objections. In the interests of clarity and thoroughness, the Court will address each point of contention below.

A. **Distribution-Related Objections**

   1. **Length of Opt-In Period**

Plaintiff posits that a sixty-day opt-in period is appropriate in this case. MBF counters that forty-five days would provide putative plaintiffs with sufficient time to opt in to this action. There is no hard and fast rule controlling the length of FLSA notice periods. Courts in this district have frequently used their discretion to grant ninety-day opt-in periods. *See, e.g.*, *Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-CV-253, 2015 WL 853234, at *1 (S.D. Ohio Feb. 26, 2015) (Rice, J.); *Sisson v. OhioHealth Corp.*, No. 2:13-CV-517, 2013 WL 6049028, at *8 (S.D. Ohio Nov. 14, 2013) (Frost, J.); *Swigart v. Fifth Third Bank*, 288 F.R.D. 177, 181 (S.D. Ohio 2012) ("*Swigart II*") (Black, J.); *Musarra v. Digital Dish, Inc.*, No. C2-05-545, 2008 WL 818692, at *7 (S.D. Ohio Mar. 24, 2008) (Marbley, J.). On the other hand, MBF has cited several decisions from this Court that have deemed forty-five days to be an appropriate opt-in period. *See Heaps*, 2011 WL 1325207, at *9; *Snelling v. ATC Healthcare Servs., Inc.*, No. 2:11-CV-00983, 2013 WL 1386026, at *6, n. 3 (S.D. Ohio Apr. 4, 2013) (Sargus, J.). Neither party has cited any particular circumstances that would render one proposal more favorable than the other. The Court is of the opinion that an additional fifteen days will not needlessly delay this litigation. Accordingly, the opt-in period shall be sixty days.

### 2. Reminder Notice

Next, MBF objects to Plaintiff's request to send a reminder notice forty-five days after the first notice is sent. Plaintiff has not cited any case law from this district that has allowed such a practice. Conversely, this Court has previously denied such requests. *See, e.g.*, *Wolfram v. PHH Corp.*, No. 1:12-CV-599, 2012 WL 6676778, at *4 (S.D. Ohio Dec. 21, 2012) (Black, J.) ("Many courts have rejected reminder notices, recognizing the narrow line that divides advising potential opt-in plaintiffs of the existence of the lawsuit-and encouraging participation." (citing *Foster v. Nationwide Mut. Ins. Co.*, No. C2–08–20, (S.D. Ohio 2008) (Sargus, J.); *see also Fenley v. Wood Grp. Mustang, Inc.*, No. 2:15-CV-326, 2016 WL 1059681, at *7 (S.D. Ohio Mar. 17, 2016) (Smith, J.) ("[Courts] should be hesitant to authorize duplicative notice because it may unnecessarily 'stir up litigation' or improperly suggest the Court's endorsement of Plaintiff's claims."). This Court is even less inclined to authorize a reminder notice where a defendant does not object to service of the notice by more than one method. *See* Section II.A.3, immediately below. Accordingly, Plaintiff will not be permitted to send a reminder notice.

### 3. Email Notification/Website Information

Next, Plaintiff proposes that putative plaintiffs receive notice of this action by electronic mail in addition to ordinary mail. MBF does not oppose this approach, but does object to the actual information the electronic communication would include. In short, Plaintiff proposes to email a hyperlink to all putative plaintiffs that would include additional case information not included in the mailed version of the notice.

At the outset, it bears mentioning that "[c]ourts generally approve only a single method for notification unless there is a reason to believe that method is ineffective." *Wolfram*, 2012 WL 6676778, at *4 (citing *Shajan v. Barolo,* No. 10cv1385, 2010 WL 2218095 (S.D.N.Y. June

2, 2010)). However, this Court has previously allowed plaintiffs to send notice by ordinary mail and electronic mail in the interest of judicial economy. *See Swigart I*, 276 F.R.D. at 214; *see also Lemmon v. Harry & David Operations, Inc.,* No. 2:15-CV-779, 2016 WL 234854 (S.D. Ohio Jan. 20, 2016) (Smith, J.). In *Wolfram*, this Court acknowledged the general rule that notice is typically sent by a single method but still permitted "dual-method" service because it "appropriately safeguards the privacy of individuals not currently a party to the case and helps ensure that all potential plaintiffs receive notice of their right to join this lawsuit." *Wolfram*, 2012 WL 6676778, at *4. A similar approach was adopted by this Court in *Lutz v. Huntington Bancshares Inc.*, No. 2:12-CV-01091, 2013 WL 1703361, at *7 (S.D. Ohio Apr. 19, 2013) (Frost, J.)). In *Lutz,* this Court reasoned, "[b]y allowing e-mail notice to former employees now, the Court hopes to avoid the added step of having to resend notice in the event that a former employee's last known home address proves to be inaccurate." *Lutz*, 2013 WL 1703361, at *7. This Court recently relied on the aforementioned cases' reasoning when it approved simultaneous electronic and ordinary mail service in *Lemmon*. 2016 WL 234854, at *7.

Here, the declarations submitted by Plaintiff indicate that MBF employees often live away from their normal residences—or, at minimum, they are away from home for extended durations—while they are working for MBF and its customers. (*See* Doc. 16-4, Decls.). The Court finds good reason that ordinary mail service alone may be an ineffective means to notify all putative plaintiffs. Therefore, the Court will permit electronic distribution in addition to ordinary mail service. However, the hyperlink emailed to putative plaintiffs may not disseminate any information other than the court-approved notice. To allow the dissemination of additional information that is unauthorized by the Court during the notice period would strip the Court of its

authority to monitor the notice process. Accordingly, the website maintained by Plaintiff's counsel shall contain the agreed-upon, court authorized notice, and nothing more or less.

### 4. Production of Putative Plaintiff Information

Plaintiff requests that MBF be required to provide the contact information for all putative plaintiffs within fourteen days from the date of this Order. MBF, citing this Court's recent ruling in *Lemmon*, requests thirty days to produce the information. In *Swigart I*, the defendant was allowed only fourteen days to produce the requested information. 276 F.R.D. at 215. Here, MBF stipulated to conditional certification over six months ago and has since been on notice that it would need to produce such information. Accordingly, MBF shall have fourteen days from the date of this order to provide Plaintiff with the putative plaintiffs' information.

### 5. Production of Employment Identification Numbers

Plaintiff has failed to show how or why the production of employment identification numbers would aid the notification process. As such, MBF is not required to produce this information to Plaintiff.

### B. Content-Related Objections

### 1. Court Neutrality

The Court approves Plaintiff's revised language regarding court neutrality in this action. (*See* Doc. 20-2, Pl.'s Rev. Notice at 2). Accordingly, the following paragraph shall appear in the notice:

> **ALTHOUGH THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE HONORABLE GEORGE C. SMITH, UNITED STATES DISTRICT JUDGE FOR THE SOUTHERN DISTRICT OF OHIO, THE COURT TAKES NO POSITION REGARDING THE MERITS OF PLAINTIFF'S CLAIMS OR DEFENDANT'S DEFENSES.**

### 2.  Right to Retain Independent Counsel and Inclusion of Defense Counsel's Contact Information

The Court now turns to the parties' proposed language concerning (1) the duty to inform putative plaintiffs of their right to retain independent counsel, and (2) whether it is appropriate to include defense counsel's contact information in the notice.  These two topics are interrelated by virtue of their close proximity to one another in the parties' proposed/revised notices.  As such, the Court will address these two points together.

MBF argues that it is appropriate to include a statement regarding putative plaintiffs' right to retain counsel of their own choosing.  Indeed, this Court has previously held that "[i]nforming potential plaintiffs of their right to choose their own counsel is an appropriate element in a notice."  *Heaps*, 2011 WL 1325207, at *9 (citing, *inter alia*, *Douglas v. GE Energy Reuter Stokes*, No. 1:07-CV-77, 2007 WL 1341779, at *4 (N.D. Ohio Apr. 30, 2007)).  The parties' latest proposed notices both reflect putative plaintiffs' right to select counsel of their own choosing.  However, the Court—with two exceptions identified below—orders the adoption of Plaintiff's proposed language regarding independent counsel.  While the two proposals are substantively similar, Plaintiff's language conveys putative plaintiffs' right to retain independent counsel more succinctly than MBF's proposed language.  In addition to the language contained in Plaintiff's proposed notice, the Court orders the inclusion of the following language, as proposed by MBF:

> If you decide to join this lawsuit and be represented by a lawyer of your choice, that lawyer will have to notify the [C]ourt [sic] of your intention to join the case no later than [60 days from the date Notice is sent].

(Doc. 19-1, MBF's Prop. Not. at 3). This language is absent from Plaintiff's revised notice but conveys important information to plaintiffs who elect to retain counsel of their own choosing.[3]

In addition, the notice shall include the follow language from MBF's proposed notice, which is absent from Plaintiff's revised notice:

> **Please do not contact the Clerk of Court or offices of the Judge or Magistrate Judge. They are not in a position to answer questions about the case.**

(*Id.*) (emphasis added).

MBF also makes the somewhat related argument that defense counsel's contact information should be included in the notice. MBF cites a single case from this district that ordered such information be included in an FLSA notice. (*See Snelling v. ATC Healthcare Servs., Inc.*, No. 2:11-CV-00983, 2013 WL 1386026, at *5 (S.D. Ohio Apr. 4, 2013) (Sargus, J.)). The Court respectfully declines to follow a similar approach here. The Court fails to see any benefit in providing putative plaintiffs with defense counsel's contact information. At a minimum, including such information creates a risk of confusing putative plaintiffs. At worst— and without calling into question the integrity of defense counsel—it opens the door to potentially inappropriate or unethical communications. Accordingly, defense counsel's contact information shall not be included in the notice.

3.  **Statement of MBF's Position in the Case**

The parties now agree on all language pertaining to MBF's position in the case except that MBF argues in favor of including the phrase "in good faith" at the conclusion of the following sentence: "MBF believes that it fully complied with the FLSA [*in good faith*]." Plaintiff cites no authority to support its position but generally argues that the phrase "in good

---

[3] All other sections of the notice shall reflect putative plaintiffs' right to select counsel of their own choosing. (*E.g.*, *replace* "If you join this case, [Plaintiff's Counsel] will represent you . . ." (Doc. 20-2, Pl.'s Rev. Not. at 4) *with* "The attorneys you hire will represent you . . ." (Doc. 19-1, MBF's Prop. Not. at 3).

9

faith" is a legal term of art, is unnecessary, and may have a chilling effect on putative plaintiffs. (Doc. 20, Rep. at 6). At the outset, the Court doubts that the inclusion or exclusion of the phrase "in good faith" would sway the average layperson one direction or the other under these circumstances. Setting aside the triviality of the matter, this Court has previously held that "the notice must include language stating [Defendant's] denial of the allegations and its belief that it complied with the FLSA in good faith." *Heaps*, 2011 WL 1325207, at *9 (emphasis added). Here, the Court declines to depart from that holding and the phrase "in good faith" shall appear in the notice.

### 4. Potential for Putative Plaintiffs to Bear Costs of Litigation

In its response, MBF argues that the notice must "inform its recipients that they can be held responsible to pay litigation costs if MBF prevails in the case." (Doc. 19, Resp. at 11). Plaintiff relies on nonbinding authority to support his argument that such language should not be included in the notice. Further, Plaintiff alleges that the statement is untrue because Plaintiff's counsel has agreed to incur any and all costs of the litigation even if plaintiffs are ultimately unsuccessful on their claims. (Doc. 20, Rep. at 7 (citing Doc. 20-1, Decl. of Lukas at ¶ 2)). On the other hand, MBF points out that this Court has previously required such information to be in FLSA notices. *See*, *e.g.*, *Atkinson*, 2015 WL 853234, at *6; *Heaps*, 2011 WL 1325207, at *8.

Subsequent to the parties' briefing in this case, this Court was confronted with a nearly identical situation in *Fenley*. After this Court granted conditional FLSA class certification, it ordered that it was appropriate to include a statement regarding plaintiff's potential liability for certain litigation expenses in the notice. *Fenley*, 2016 WL 1059681, at *8. The parties were ordered to confer and submit a mutually agreeable notice, but were unable to agree on the very issue raised by the parties here. Specifically, Defendant Wood Group Mustang ("WGM")

10

argued that Plaintiff Fenley's counsel—who, like here, agreed to a fee arrangement under which it would bear the costs of litigation in the event their clients were unsuccessful—was essentially agreeing to "indemnify" its clients against the possibility of court costs rather than "advancing" court costs, as contemplated by Ohio Rule of Professional Conduct 1.8(e). After the parties briefed the issues, this Court stated the following:

> Ohio Rule of Professional Conduct 1.8(e) states, in relevant part, "[a] lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation, except that a lawyer may . . . advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter . . . ." Ohio Prof. Cond. Rule 1.8(e)(2) (emphasis added). Neither party argues that it is unlawful or unethical for an attorney to advance court costs and make the repayment of those costs contingent on the litigation's outcome. However, WGM argues that the Proposed Language "violates the spirit and purpose, if not the letter, of [Rule 1.8(e)]." WGM's position is based on the idea that the Proposed Language reflects Plaintiff's counsel's willingness to indemnify potential opt-in plaintiffs against the possibility that they will be held liable for court costs in this action rather than advancing costs, as contemplated by Rule 1.8(e). The distinction that WGM is attempting to draw is apparently a novel argument in Ohio, as no state or federal courts applying Ohio law have addressed this issue.
>
> Both parties have presented compelling arguments concerning the Rule and whether it permits counsel to indemnify against or guarantee the payment of court costs. On one hand, the Rule does not explicitly allow counsel to guarantee the payment of court costs. Further, Rule 1.8(e)'s predecessor, Rule DR 5-103(B), previously allowed counsel to guarantee the payment of court costs but Ohio abandoned Rule DR 5-103(B) in favor of Model Rule 1.8(e). On the other hand, an attorney is ethically permitted to represent a client while advancing costs with the prospect of no future repayment and with the possibility that she will never be paid for her services—as is the case in contingency-fee arrangements. It stands to reason that an attorney is also perfectly capable of providing competent, unbiased representation where she bears the ultimate responsibility for court costs.
>
> Without ruling on the ethical propriety of the arrangement described in the Proposed Language, the Court finds that the inclusion of such specific language is not appropriate at this stage. In this case, the Court held that "the Notice shall contain a statement that the opt-in plaintiffs may be liable for WGM's costs if WGM ultimately prevails." For the Proposed Language's arrangement to manifest itself, WGM would have to be the prevailing party and the Court would have to award costs to WGM under Federal Rule of Civil Procedure 54(d), which is discretionary. Even assuming that the arrangement described in the Proposed Language is not champertous, these uncertainties do not warrant such a specific

>   statement.  Rather, the Court finds it more appropriate to simply notify opt-in plaintiffs that they may or may not be liable for court costs in the Notice.  If opt-in plaintiffs are concerned about the nature and extent of their potential liabilities, the Notice makes clear that they may confer with Plaintiff's counsel or counsel of their own choosing prior to joining the lawsuit to address those concerns.  After obtaining this information, opt-in plaintiffs will be able to make an informed decision about whether or not they wish to join this litigation.

*Fenley v. Wood Grp. Mustang, Inc.*, No. 2:15-CV-326, ECF No. 61 at 3–4 (S.D. Ohio May 2, 2016) (internal record citations omitted)).

In *Fenley*, this Court ultimately ordered that "the Notice include the following language—and only the following language—regarding court costs: 'If you join this lawsuit and the Court ultimately concludes that [Defendant] is the prevailing party, you may or may not be liable for court costs—not including [Defendant's] attorneys' and expert fees.'" *Id.* at 4.  In sum, this Court declined to grant judicial approval of a fee arrangement that may or may not comport with Rule 1.8(e).  Here, Plaintiff only disclosed the nature of its counsel's fee arrangement in its reply.  As a result, MBF has not raised the arguments raised in *Fenley*.  Nevertheless, the Court will not sponsor the propriety of such a fee arrangement given the lack of judicial clarity on the issue—nor does the Court feel that a detailed description of fee arrangements is appropriate in an FLSA notice.  As such, the Court orders the inclusion of the same language from *Fenley* here.  The *Fenley* language "effectively notifies opt-in plaintiffs of their potential liabilities and allows them to inquire further [as to the nature and extent of the potential liabilities] should they choose." *Id*.

      5.      **Potential for Putative Plaintiffs to Participate in Discovery**

Plaintiff disputes that the notice should include a statement regarding the possibility that putative plaintiffs may be required to participate in discovery if they join the case.  Once again, Plaintiff cites only nonbinding authority to support its assertion.  This Court has stated on several occasions that such information should be disseminated in FLSA notices.  *See Heaps*, 2011 WL

1325207, at *8; *Baden-Winterwood v. Life Time Fitness*, No. 2:06 CV 99, 2006 WL 2225825, at *2 (S.D. Ohio Aug. 2, 2006) (Frost, J.). The Court agrees that this information is pertinent to a layperson who is deciding whether to join litigation. Accordingly, the notice shall include a short statement that opt-in plaintiffs may be required to participate in written discovery and that they may be required to appear for deposition and/or trial.

   **6.**  **Emphasized Typeface in Notice**

Next, the parties disagree over the permissibility of emphasizing certain text within the notice. The Court finds bolding, underlining, italicizing or other emphases to be unhelpful and potentially prejudicial. The only emphases that will be permitted in the notice will be the capitalization and/or bolding of section headings, statements pertaining to the Court's neutrality in this action, and the prohibition on contacting the Court regarding the action.

   **7.**  **Consent to Join Subsequent Actions**

Plaintiff has agreed to remove its statement regarding consent to join in future, related actions. Similar language will not appear in the notice.

### III. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Conditional Certification (Doc. 16) is **GRANTED**. The Court hereby **ORDERS** the parties to confer and submit a mutually agreed upon notice in accordance with the aforementioned determinations by **September 30, 2016**, to **smith_chambers@ohsd.uscourts.gov**. In the event the parties are unable to reach a mutually satisfactory notice, each party shall submit a proposed notice on that same date.

The Clerk shall **REMOVE** Document 16 from the Court's pending motions list.

**IT IS SO ORDERED.**

 */s/ George C. Smith*  
**GEORGE C. SMITH, JUDGE**  
**UNITED STATES DISTRICT COURT**