IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Thomas Ganci,                         :

         Plaintiff,                   :

    v.                                :          Case No. 2:15-CV-2959

MBF Inspection Services,              :          JUDGE GEORGE C. SMITH
Inc.,                                            Magistrate Judge Kemp
         Defendant.                   :

                              ORDER

     This is a putative class action in which a collective action
under the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq*., has
already been conditionally certified.  The case is currently
before the Court to resolve a long-standing discovery dispute
about where the opt-in plaintiffs may be deposed.  Both sides
have briefed the issue.  See Docs. 65, 73 and 74.  For the
following reasons, the Court grants the motion in part.

     To set the stage for the parties' disagreement, there are a
substantial number (in excess of 50) opt-in plaintiffs.  As
workers in the oil and gas industry, they live and work in
various locations around the country.  Many are not from Ohio.

     Defendant MBF Inspection Services, Inc. has requested to
take some of the opt-in plaintiffs' depositions.  After
negotiations, MBF settled on 18 as the desirable number to take.
The parties could not agree on where these depositions would be
taken.  MBF had originally asked that all of them be conducted in
Columbus, which is where the case has been filed, but later
proposed that they be taken in two or three locations which,
according to MBF, would be more convenient to the deponents.
Plaintiffs countered with a proposal that eleven depositions
occur in six different locations.  MBF rejected that proposal and
then noticed eleven depositions in four locations (Houston;
Midland, Texas; Oklahoma City; and Columbus) for dates between

May 10, 2017 and May 29, 2017.  The notices prompted Plaintiffs
to move for a protective order.  They argue that many of the
deponents would have to travel hundreds or even thousands of
miles from either their home or work locations to attend the
depositions as noticed.  Pointing to public policy that
discourages this type of litigation from becoming a burden to
opt-in parties, Plaintiffs argue that the Court should craft an
order reducing the burden imposed on them by the deposition
process.  Fed.R.Civ.P. 26(c) gives the Court the discretion to do
so ("The court may, for good cause, issue an order ... specifying
terms, including time and place ... for ... discovery...").

MBF argues that the general policy discouraging the placing
of travel burdens on FLSA plaintiffs does not apply strongly
here.  It notes that the parties it wishes to depose seek tens or
even hundreds of thousands of dollars in compensation and that
any expense they incur in traveling to the chosen locations is
proportional to the potential value of their claims.  It then
contends that Plaintiffs have not met their burden, as described
in this Court's decision in Benderson v. Marquee Cinemas-OH,
Inc., 2015 WL 196035 (S.D. Ohio Jan. 14, 2015), of showing that
the three factors of cost, convenience, and litigation efficiency
favor granting a protective order.  Rather, MBF asserts that
Plaintiffs have shown, at most, that it would be more convenient
for them to be disclosed at different locations, but not that the
extent of the alleged inconvenience justifies a protective order.
It cites to a number of cases denying similar motions, and to
decisions such as Brasfield v. Source Broadband Services, LLC,
255 F.R.D. 447 (W.D. Tenn. 2008) and Allen v. Sears, Roebuck and
Co., 2010 WL 1417644 (E.D. Mich. Apr. 5, 2010), which required
opt-in plaintiffs to bear their own travel expenses if they lived
less than 100 miles from the place of deposition, as evidence
that opt-in plaintiffs are generally required to bear at least

some of the cost and burden of the deposition process before it becomes "undue."  At the conclusion of its brief, MBF advances this proposal:

> a) That within 5 days of the court's ruling on Plaintiffs' Motion for Protective Order, MBF's counsel inform Plaintiffs' counsel of those days in the 75-day period following the court's ruling on which MBF's counsel are available to depose those Plaintiffs MBF has designated for deposition;
>
> b) That within 14 days of receiving the information from MBF's counsel noted in the preceding paragraph, Plaintiffs' counsel schedule the depositions of the Plaintiffs to be deposed, in a maximum of 5 locations selected by Plaintiffs, on those days in the 75-day period following the court's ruling on which MBF's counsel are available for deposition.

Doc. 73, at 14.

Plaintiffs, in their reply, stress two points.  The first is that, with the exception of two cases decided in the District of Kansas which are cited in MBF's brief, all of the other relevant decisions base their rulings on the policies underlying the FLSA and not on the financial situation of the individual opt-in plaintiffs.  Second, Plaintiffs point out that although many of the proposed deponents may have been earning substantial wages, their claims in this case may well be affected by the applicable limitations periods, and some of them may end up either with no viable claims or claims with very little value, either of which would skew the calculus used by MBF to support its argument on the issue of undue burden.

From the first time that this matter was brought to the Court's attention, the Court has stressed that the solution to the problem is to select a reasonable number of opt-in plaintiffs for deposition, to select a reasonable number of locations for those depositions to occur (assuming, as appears to be the case

here, that MBF wishes to take all of them in person), and to make
every effort to have those locations be reasonably closely
located to the places where the deponents either live or work.
The Court agrees with Plaintiffs that such an arrangement is
consistent with the underlying policies of the FLSA, with the
standards for discovery set out in Fed.R.Civ.P. 26(b), with
Fed.R.Civ.P. 1, and with common sense.  The difficulty here does
not appear to be in persuading the parties that these are the
guiding principles; rather, it is making concrete decisions based
on how these principles apply to the relevant geographical facts.
In that regard, the Court is not extremely well-positioned to
make this decision for the parties because it is less aware than
the parties are of all the pertinent geographical nuances.  The
best the Court can do - as many other courts appear to have done,
including those which created a "100-mile" rule - is to give the
parties some parameters for making the logistical arrangements
which need to be made, while still allowing them the flexibility
to apply common sense principles to the issues.

First, the Court cannot tell from MBF's brief exactly how
many depositions it wants to take.  The Court will assume that
the number at issue is eleven, since that is how many were
noticed.  That appears to be reasonable.

Second, the Court agrees that distance from the place or
places chosen for deposition is a relevant factor.  Rule 45 has a
100-mile limit, but that is for non-parties.  Parties with a
stake - and for some, at least, a substantial stake - in the
outcome can be expected to bear a bit more burden.  Consequently,
the Court will establish a 150-mile rule.  Any cost for travel
beyond that shall be paid for by MBF.  Further, the Court
believes that any travel beyond 300 miles would be unreasonable,
and that is established as the outer limit of any travel.

Third, the Court cannot really determine how many locations

-4-

are appropriate.  MBF appears willing to consider five;
Plaintiffs offered six.  Either seems reasonable.  Given the
travel parameters the Court establishes in this order, the
parties should be able to determine whether they can get eleven
deponents to five locations or whether they will need more.

Lastly, the Court encourages MBF to consider taking at least
some of these depositions remotely.  Perhaps, after taking five
or six, the need for in-person questioning will be less acute.
That would save a considerable amount of everyone's resources,
including MBF's.

For all of these reasons, the motion for a protective order
(Doc. 65) is granted to the extent that MBF may take up to eleven
depositions of opt-in plaintiffs in compliance with the terms of
this order.

### MOTION FOR RECONSIDERATION

Any party may, within fourteen days after this Order is
filed, file and serve on the opposing party a motion for
reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A),
Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01,
pt. IV(C)(3)(a).  The motion must specifically designate the
order or part in question and the basis for any objection.
Responses to objections are due fourteen days after objections
are filed and replies by the objecting party are due seven days
thereafter.  The District Judge, upon consideration of the
motion, shall set aside any part of this Order found to be
clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for
reconsideration has been filed unless it is stayed by either the
Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.


/s/ Terence P. Kemp
United States Magistrate Judge