UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS GANCI, *et al.*,

    **Plaintiffs,**

v.

    Civil Action 2:15-cv-2959
    Magistrate Judge Chelsey M. Vascura

MBF Inspection Services, Inc.,

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on the parties' Joint Motion for Preliminary Approval of Class and Collective Action Settlement (ECF No. 143). For the following reasons, the parties' Motion is **GRANTED**.

### I. PROCEDURAL BACKGROUND

On October 30, 2015, Plaintiff Thomas Ganci commenced this action, asserting a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and a class action pursuant to Federal Rule of Procedure 23 and the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Chapter 4111, *et seq.* ("Fair Wage Act"). (Compl. ¶ 1, ECF No. 1.) On November 24, 2015, Defendant filed its Answer admitting that it employed Plaintiff but denying liability. (Answer ¶ 2, ECF No. 6.) Defendant asserted that Plaintiffs were properly classified as exempt from state and federal overtime requirements. (*Id.* ¶¶ 9, 15; 25th Affirm. Def.)

In September 2016, the Court granted Plaintiff's motion to conditionally certify a collective action under the FLSA of all inspection personnel "who were paid a day rate and who worked for Defendant at any time since [September 20, 2013]." (Conditional Certification Order, ECF No. 26.) At the close of the FLSA notice period, a total of 52 inspectors had filed consent forms to opt in to the lawsuit and currently remain part of the case. (Consent Filings, ECF Nos. 1-1, 12–14, 18, 25, 30–35, 37–38, 40–51; Notice of Withdrawals, ECF Nos. 26, 66; Order Dismissing Opt-ins, ECF No. 88.)

Soon after the FLSA notice period ended, Plaintiff moved to certify a Rule 23 class of Inspectors who worked in Ohio since October 2013. The district court certified the Rule 23 class on October 27, 2017. (Class Certification Order, ECF No. 95.) The case proceeded through a full discovery period, with both parties conducting written discovery, Defendant deposing 12 Plaintiffs, Plaintiffs deposing some of Defendant's management personnel, and the parties exchanging approximately 18,000 pages of documents. (Helland Decl. ¶ 2.)

On April 5, 2018, the Parties attended a full day mediation in Columbus, Ohio with mediator Frank Ray, Esq. That mediation did not result in a settlement. On April 23, 2018, the Parties filed cross motions for summary judgment and Defendant filed a motion to decertify the FLSA collective. (ECF Nos. 103, 105, 107.) Those motions were never resolved because on June 22, 2018, Defendant filed a Voluntary Petition for Bankruptcy in the United States Bankruptcy Court for the District of New Mexico, case number 18−11579−t11, resulting in a stay of this case. (*See* ECF Nos. 133–34.)

Litigation of the case then proceeded in the United States Bankruptcy Court for the District of New Mexico, where Plaintiff filed class proofs of claim. (Helland Decl. ¶ 7.) The parties returned to mediation on May 30, 2019, this time mediating in Albuquerque, New

Mexico with Paul Fish, Esq. That mediation resulted in a signed Memorandum of Understanding; the parties fully executed the Settlement Agreement in July 2019. (Settlement Agreement, ECF No. 143-3.) The parties then sought and obtained an order from the Bankruptcy Court modifying the automatic stay for the limited purpose of seeking approval of the settlement from this Court. (ECF No. 140-1). The present motion followed on August 21, 2019. (ECF No 143.)

Defendant has agreed to pay a total settlement amount of $2,225,000, which includes all payments to all accepting Plaintiffs, enhancements awards, attorneys' fees, litigation costs, and expenses of Plaintiffs' Counsel, but excludes the employer's share of payroll taxes. (Settlement Agreement § 3, ECF No. 143-3.) The settlement includes all FLSA Opt-in Plaintiffs who are included within the scope of the Settlement and who timely execute and return a "Release of Claims Form," as well as any Ohio Class Members who do not timely submit a written request for exclusion in response to the Notice of Settlement. (*Id.* §§ 2, 3.) After accounting for enhancements awards, attorneys' fees, and litigation costs and expenses, amounts remaining from the total $2,225,000 will be distributed *pro rata* among the accepting and non-excluded Plaintiffs. (See Ex. A to the Settlement Agreement, 143-3.)

## II. DISCUSSION

### A. Approval of FLSA Settlement

"The FLSA's provisions are mandatory and, except as otherwise provided by statute, are generally not subject to being waived, bargained, or modified by contract or by settlement." *Kritzer v. Safelite Sols., LLC*, No. 2:10-CV-0729, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012) (citation omitted). An exception to this rule allows courts to review and approve settlement agreements in private actions for back wages under 29 U.S.C. § 216(b). *Id.* When reviewing an FLSA settlement, "the federal district court must 'ensure that the parties are not,

3

via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Sharier v. Top of the Viaduct, LLC*, No. 5:16-CV-343, 2017 WL 961029, at *2 (N.D. Ohio Mar. 13, 2017) (quoting *Rotuna v. W. Customer Mgmt. Group LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (alteration in original)). Instead of negotiating around the FLSA's requirements, there must exist a bona fide dispute between the parties. *Schneider v. Goodyear Tire & Rubber Co.*, No. 5:13-cv-2741, 2014 WL 2579637, at *2 (N.D. Ohio June 9, 2014).

Factors relevant to the approval analysis include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup v. Renovo Servs.*, LLC, No. 07-cv-430, 2011 WL 2532922, at *8 (S.D. Ohio June 24, 2011). Additionally, the Court must separately assess the reasonableness of any proposed award of attorney's fees and costs, even when they are negotiated as part of the settlement. *Lakosky v. Discount Tire Co., Inc.*, No. 14-13362, 2015 WL 4617186, at *1 (E.D. Mich. July 31, 2015).

After a careful review of the Parties' motion and their settlement agreement, the Court finds that the settlement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the Parties. There is no evidence the settlement agreement is the result of anything other than arm's length negotiations between experienced opposing counsel, mediated by two well-respected mediators. Prior to reaching an agreement, counsel had access to sufficient

discovery to adequately assess the likelihood of success and the risks involved in continued litigation. Likewise, the proposed attorney's fees, costs, and service award to be distributed from the total settlement amount recovered by Plaintiff are fair and reasonable. The Court notes, however, that any attorney's fees, costs, and service awards arising out of the Rule 23 settlement remain subject to final approval at a future date, as discussed below.

**B.     Preliminary Approval of Rule 23 Settlement**

The Court previously found the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) were met and certified the following Rule 23 class:

> All inspection personnel, other than chief inspectors and lead inspectors, who were paid a day rate and who worked for Defendant in Ohio under a Spectra contract at any time since two years prior to filing of this Complaint.

(Class Certification Order, ECF No. 95.)  The Settlement Class leaves this definition unaltered; accordingly, the Court need not reconsider the certification criteria at this juncture.

But to approve a Rule 23 class settlement, a court must also conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23).  To protect the rights of absent parties, courts review class action settlements to ensure they are not merely "the product of fraud or overreaching by, or collusion between, the negotiating parties and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Clark Equip. Co. v. Int'l Union, Allied Indus. Workers of Am., AFL-CIO*, 803 F.2d 878, 880 (6th Cir. 1986) (quoting *Officers For Justice v. Civil Serv. Comm'n, etc.*, 688 F.2d 615 (9th Cir. 1982)).

Based on the Court's review of the proposed Settlement Agreement, the parties' motion practice to date, the amount of discovery exchanged, and the Court's familiarity with the status

of the litigation, the Court finds that the proposed settlement falls "within the range of possible approval." *Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds in Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998); *In re Inter-Op Hip Prosthesis Liab. Litig.*, 204 F.R.D. 330, 350 (N.D. Ohio 2001) (same) (citing *Manual for Complex Litigation*, § 30.41 (3rd ed. 1995)). As a result, it is appropriate to direct notice to class members and to schedule a final approval hearing to consider the final fairness of the Settlement Agreement, including any objections that may be filed, as well as class counsel's anticipated application for an award of attorneys' fees and costs and service awards.

## III. DISPOSITION

For the foregoing reasons, the parties' Joint Motion for Preliminary Approval of Class and Collective Action Settlement (ECF No. 143) is **GRANTED**. It is further **ORDERED**:

(1) Plaintiff Thomas Ganci is appointed representative of the Rule 23 Settlement Class;

(2) Nichols Kaster, PLLP is appointed as Class Counsel for the Rule 23 Settlement Class;

(3) The method and content of the notice of settlement to the Settlement Class is approved and shall be distributed to the Settlement Class as provided in the Settlement Agreement;

(4) The Court will conduct a Final Approval Hearing on **December 2, 2019** at **2:00 p.m.** at 85 Marconi Boulevard, Room 183, Columbus, Ohio, 43215, before the Honorable Chelsey M. Vascura to determine the overall fairness of the settlement and to determine the amount of attorney's fees and costs to Class Counsel and service awards;

(5) Class Counsel shall file (a) their Motion for Final Settlement Approval, including a declaration describing the results of the settlement notice distribution, and (b) their Motion for Attorney's Fees, Costs, and Service Awards, **on or before 14 days prior to the Final Approval Hearing**; and

(6) Plaintiff's Motion for Partial Summary Judgment (ECF No. 103), Defendant's Motion for Order Decertifying Conditionally-Certified FLSA Class (ECF No. 105), and Defendant's Motion for Partial Summary Judgment (ECF No. 107) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                          /s/ *Chelsey M. Vascura*
                                        CHELSEY M. VASCURA
                                        UNITED STATES MAGISTRATE JUDGE